IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WILLIAM HOWARD ECKFORD, IV**                                                   **PLAINTIFF**

**v.**                       **No. 2:05CV217-M-B**

**QUITMAN COUNTY JAIL, ET AL.**                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of William Howard Eckford, IV, challenging the conditions of his confinement in the Quitman County Jail under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court finds that the plaintiff was incarcerated at the time he filed this suit. The plaintiff alleges that an inmate warned the defendants that the truck used to transport inmates to and from work crew sites had a dangerously low tire. The defendants, nevertheless, drove the plaintiff and other inmates to a work site without changing that tire. On the way to the site, the tire blew out, caused the truck to careen out of control and flip over, and injured the plaintiff and the other inmates. The injured inmates were rushed to a nearby hospital where they were treated for their injuries. The plaintiff claims that he still suffers pain and discomfort from injuries he received in the accident. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Discussion**

The plaintiff in this case has stated, at most, a claim of negligence against the defendants. The only act of which the plaintiff complains is that the defendants insisted on using a truck with a low tire to transport inmates to and from a work site. The court must dismiss this claim

because negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of November, 2005.

                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**